IN THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 1:17CR 00513 |
| | ) | |
| Plaintiff | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| -vs- | ) | |
| | ) | |
| IRWIN VARGAS | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant | ) | |
| | ) | |

Now comes the Defendant, Irwin Vargas, by and through counsel, and hereby submits the following objections and/or responses to the Presentence Investigation Report in the above-matter.

Respectfully submitted,

*s/ David L. Grant*
**DAVID L. GRANT  (#0008407)**
***GRANT & O'MALLEY CO., L.P.A.***
IMG Building
1360 East Ninth Street, Suite 600
Cleveland, OH 44114
(216) 241-6868
(216) 241-5464  (FAX)
lawyer4444@aol.com
**ATTORNEY FOR DEFENDANT**

I. **OBJECTIONS AND/OR RESPONSES TO THE PRESENTENCE INVESTIGATON REPORT**

`A) Paragraph 24: Neither Defendant's home or business were maintained for the purpose of distributing or storing drugs. The principal purpose of Sandiago Auto Care Services was car maintenance. The principal purpose of Defendant's home was to serve as a residence. Drug sales were a collateral or incidental use of either.

B) Paragraph 131: Objection. See Paragraph A. above and the application note to 2D1.1(b)(12). Moreover, a stipulated guideline computation including applicable enhancements was negotiated by the parties in Paragraph 19 of the Plea Agreement. Defendant will ask the Court to adopt that computation.

C) Paragraph 132 – Objection. A stipulated guideline computation including applicable enhancements was negotiated by the parties in Paragraph 19 of the Plea Agreement. Defendant will ask that Court to adopt that computation.

II. **APPLICATION OF THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a) INDICATES THAT A SENTENCE WITHIN THE PLEA AGREEMENT CONTEMPLATED GUIDELINE RANGE IS APPROPRIATE**

When sentencing a defendant, the court must consider all of the sentencing factors enumerated in 18 U.S.C. § 3553(a). These factors include:

1) The nature and circumstances of the offense, and the history and characteristics of the defendant;

2) The need for the sentence imposed –

   A) To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

   B) To afford adequate deterrence to criminal conduct;

    C) To protect the public from further crimes of the defendant; and,

    D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3) The kinds of sentences available;

4) The advisory guideline range;

5) Any pertinent policy statements issued by the sentencing commission;

6) The need to avoid unwarranted sentence disparities.

Regarding the nature and circumstances of the offense, Defendant coordinated a drug conspiracy which distributed Fentanyl, Heroin and Cocaine in Northeastern Ohio and Toledo. The drugs did not originate with the Defendant but were obtained from individuals in Puerto Rico. Defendant's activities did not involve violence or the actual use of weapons.

Mr. Vargas' history, background and characteristics are important. Mr. Vargas was raised in a tough neighborhood in Puerto Rico where violence and drug trafficking were commonplace. As did many in his community, Mr. Vargas began selling and using drugs at an early age. Mr. Vargas also had two children by age 18. With few job prospects, he turned to drug sales to support his family. In 2000 he was convicted of involvement in a drug conspiracy and he served fifteen years until 2015 in a federal institution. During his stay, Mr. Vargas used his time wisely. He completed multiple self-improvement programs including financial management, marketing, and budgeting/money management. He was determined to start a legitimate business upon release from prison. For the first ten months after release, Mr. Vargas worked for Sight Light in Bratenahl, Ohio. He then started Santiago Auto Care Services. This was a legitimate auto mechanic shop which employed three mechanics in addition to the Defendant.

Unfortunately, Mr. Vargas succumbed to various financial pressures. He suffered hardships with the business. He also felt the need to financially assist his children who had been out of his life during his incarceration.

Regarding the issues of punishment, deterrence and protection of the public, Mr. Vargas is 44 years old. He will likely be in his fifties by the time of his release. At this age the threat of recidivism is highly reduced. Mr. Vargas is not a violent individual and he will not pose a threat to the community by the time of his release. A sentence at the low end of the applicable guideline range will punish Mr. Vargas and deter others from this type of conduct without demeaning the seriousness of his conduct.

Respectfully submitted,

*s/ David L. Grant*
**DAVID L. GRANT (#0008407)**
***GRANT & O'MALLEY CO., L.P.A.***
IMG Building
1360 East 9th Street, Suite 600
Cleveland, OH 44114
(216) 241-6868
(216) 241-5464 (FAX)
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing Sentencing Memorandum has been filed electronically, this 13th day of May, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

*s/ David L. Grant*
**DAVID L. GRANT (#0008407)**
***GRANT & O'MALLEY CO., L.P.A.***
**ATTORNEY FOR DEFENDANT**